UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CHARLES CAMPBELL,<br><br>Plaintiff, | ) | |
| v. | ) | No. 3:25-CV-365-CLC-DCP |
| OFFICER HARGROVE,<br><br>Defendant. | ) | |

**MEMORANDUM & ORDER**

Plaintiff, a Tennessee Department of Correction prisoner housed in the Morgan County Correctional Complex ("MCCX"), filed a pro se complaint for violation of 42 U.S.C. § 1983 asserting that, in an incident during his MCCX confinement, Defendants Crabtree and Hargrove used excessive force against him, after which did not receive medical care [Doc. 2]. On September 8, 2026, the Court entered an order granting former Defendant Crabtree's motion for summary judgment [Doc. 23]. More than two weeks ago, the United States Postal Service returned the Court's mail to Plaintiff containing that order with notations indicating that Plaintiff is "out" and that the mail was therefore refused and unable to be forwarded [Doc. 24]. Accordingly, for the reasons set forth below, this action will be **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Rule 41(b) gives this Court the authority to dismiss a case "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Rogers v. City of Warren*, 302 Fed. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal

under Rule 41(b)" (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when considering dismissal under this Rule:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Plaintiff's failure to update his address with the Court within two weeks is due to his willfulness or fault, as the Court repeatedly notified him of the requirement that he do so. [*See* Doc. 3 p. 1; Doc. 4 p. 2; Doc. 22 p. 3.] As to the second factor, Plaintiff's failure to update his address with the Court has not prejudiced Defendant Hargrove at this time. But the Court also notes that, like the Court, Defendant Hargrove cannot communicate with Plaintiff about this case without his current address. As to the third factor, as set forth above, the Court warned Plaintiff that failure to timely update his address could result in dismissal of this action. [*See* Doc. 3 p. 1; Doc. 4 p. 2; Doc. 22 p. 3.] Finally, as to the fourth factor, the Court finds that alternative sanctions are not appropriate, as Plaintiff is proceeding *in forma pauperis* in this action and failed to update his address with the Court, and it does not appear that he seeks to prosecute this action. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from updating his address with the Court, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED**. The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith.

**SO ORDERED. AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

**/s/____________________________**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**